## THE TOWN OF BLOOMINGTON
### v.
### JOHN T. LILLARD.

*Municipal Corporations—Liability for Attorney's Services.*

A town is so far interested in a controversy involving the cancellation of spurious orders outstanding against it, as to justify the raising of money and incurring of liability in regard thereto, for the payment of professional services rendered therein.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of McLean County; the Hon. A. SAMPLE, Judge, presiding.

Messrs. KERRICK, LUCAS & SPENCER, for appellant.

Messrs. JOHN E. POLLOCK, for appellee, and JOHN T. LIL-LARD, of counsel, *pro se.*

City of Jacksonville v. Cherry.

WALL, J.   This was a suit to recover $100 for professional services rendered by the plaintiff in a suit in chancery to cancel certain spurious orders outstanding against the town. There is no question that the services were rendered and that they were worth the sum charged.   The bill was approved and ordered paid at the regular town meeting, in April, 1890, by unanimous vote of the electors.   The litigation was then pending.   The only question is whether the town was *interested* in the controversy so that it might raise money and incur liability in regard thereto.   We think it was.   The validity of the orders in dispute affected the town finances and the town had a direct pecuniary interest in the premises. The power of the town is not limited to suits in which the town is *a party* but embraces those in which it is *interested.* The statute is broad enough in letter and in spirit to support the town's action in assuming to pay the bill, and that action was taken at the first opportunity after the suit was commenced.

The judgment will be affirmed.

*Judgment affirmed.*